UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

EXCESS INSURANCE COMPANY, LTD.

                        Plaintiff,           05 Civ. 10174

   -against-                      MEMORANDUM
                                       OPINION

ROCHDALE INSURANCE COMPANY, and
AMTRUST FINANCIAL GROUP,

                        Defendants.

----------------------------------------X

A P P E A R A N C E S:

        Attorneys for Plaintiff

        CAMERON BANFIL LLP
        61 Broadway, Suite 2706
        New York, New York 10006
        By:   Lawrence W. Rose, Esq.


        Attorneys for Defendants

        HARGRAVES McCONNELL & COSTIGAN, P.C.
        The Graybar Building
        420 Lexington Avenue
        New York, New York 10170
        By:   Daniel A. Hargraves, Esq.
               Andrew J. Costigan, Esq.

**Sweet, D.J.**

Plaintiff Excess Insurance Company Ltd. ("Excess" or the "Plaintiff") moved by letter motion to compel defendants Rochdale Insurance Company and Amtrust Financial Group ("Rochdale" or the "Defendants") to produce documents in this reinsurance litigation. Rochdale cross moved to compel Excess to produce documents.

Excess and Rochdale have submitted affidavits to the effect that all the requested documents other than the Rochdale filings with regulatory agencies which request Rochdale contends is overly broad. The parties did not meet and confer concerning the document requests but agreed to submit the motion and cross motion on July 11, 2007.

Prior to filing a motion to compel, a party must have "in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action . . . ." Fed. R. Civ. P. 37(a)(2)(B). The meet-and-confer requirement mandates that parties actually "meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining . . . what the requesting party is actually seeking; what the discovering party is reasonably capable of producing that is responsive to the request;

1

and what specific genuine issues, if any, cannot be resolved without judicial intervention." Prescient Partners, L.P. v. Fieldcrest Cannon, Inc., 1998 WL 67672 at *3 (S.D.N.Y. Feb. 18, 1998) (quoting Deckon v. Chidebere, 1994 WL 49488 at *5 (S.D.N.Y. Sept. 9, 1994)).

Courts have excused a failure to meet and confer in situations where to do so would be clearly futile, Matsushita Electric Corporation v. 212 Copiers Corp., 1996 WL 87245 at *3 (S.D.N.Y. Feb. 29, 1996), or exigent time constraints mandate immediate action, In re NASDAQ Market-Makers Antitrust Litigation, 1996 WL 187409 at *2 (S.D.N.Y. Apr. 18, 1996).

The purpose of the meet and confer requirement is to resolve discovery matters without the court's intervention to the greatest extent possible. Only those matters that remain unresolved after serious attempts to reach agreement should be the subject of a motion to compel. Here, the record indicates that the meet and confer requirement of Fed. R. Civ. P. 37(a)(2)(B) was not met. Mere correspondence, absent exigent circumstances not present here, does not satisfy the requirement. See Prescient Partners, 1998 WL 67672 at *3.

The motion and cross motions are denied on the

2

representations that the requests have been complied with. Leave is granted to move for any further relief after meeting and conferring.

The request for regulatory filings is denied as overly broad. Any further requests will result in a meeting and conference between counsel.

A pretrial conference will be held at the parties' earliest convenience to be scheduled with the Deputy Clerk.

It is so ordered.

**New York, NY**
**October 3 , 2007**

ROBERT W. SWEET
U.S.D.J.

3